IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 1:14cr77 HSO-RHW

HOSEA BLACKSTON,
LARRY ANDERSON,
KERMIT BLACKSTON,
CALVIN ALLEN,
SAMUEL MCDANIEL,
CHRISTINA MILLER,
JAMILIA NIX,
PHILLIP SPIVERY, and
SENON GUZMAN

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 1952(a)(3)

**The Grand Jury charges:**

COUNT 1

That beginning sometime in January 2013 and continuing up to the date of this indictment, in George County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **HOSEA BLACKSTON, LARRY ANDERSON, KERMIT BLACKSTON, CALVIN ALLEN, SAMUEL MCDANIEL, CHRISTINA MILLER, JAMILIA NIX, PHILLIP SPIVERY and SENON GUZMAN**, did knowingly conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

**QUANTITY OF METHAMPHETAMINE INVOLVED IN THE CONSPIRACY**

With respect to **HOSEA BLACKSTON**, the amount involved in the conspiracy

attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **LARRY ANDERSON**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **KERMIT BLACKSTON**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine in violation of Section 841(b)(1)(A), Title 21, United States Code,.

With respect to **CALVIN ALLEN**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **SAMUEL MCDANIEL**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **CHRISTINA MILLER**, the amount involved in the conspiracy attributable to her as a result of her conduct, and the conduct of other conspirators reasonably foreseeable to her, is in excess of 50 grams of actual methamphetamine in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **JAMILIA NIX**, the amount involved in the conspiracy attributable to her as a result of her conduct, and the conduct of other conspirators reasonably foreseeable to her, is in excess of 50 grams of actual methamphetamine in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **PHILLIP SPIVERY**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine in violation of Section 841(b)(1)(A), Title 21, United States Code.

With respect to **SENON GUZMAN**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine in violation of Section 841(b)(1)(A), Title 21, United States Code.

## COUNT 2

That on or about October 2, 2013, in George County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **KERMIT BLACKSTON and LARRY ANDERSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 3

That on or about October 9, 2013, in George County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **KERMIT BLACKSTON and LARRY ANDERSON**, aided and abetted by others known and unknown to the Grand Jury, did

knowingly and intentionally possess with intent to distribute more than 5 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 4

That on or about October 18, 2013, in George County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **LARRY ANDERSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute more than 5 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 5

That on or about October 29, 2013, in George County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **LARRY ANDERSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute more than 5 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 6

That on or about February 26, 2014, in George County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **HOSEA BLACKSTON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute more than 5 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States

Code, and Section 2, Title 18, United States Code.

## COUNT 7

That on or about February 28, 2014, in George County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **HOSEA BLACKSTON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute more than 50 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 8

That on or about February 16, 2014, in George County, in the Southern Division of the Southern District of Mississippi, the defendant, **JAMILIA NIX**, did travel in interstate commerce from the State of Texas to the Southern District of Mississippi and elsewhere, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, the unlawful activity being a business enterprise involving the distribution of a controlled substance, that is transporting methamphetamine, and thereafter did perform acts and attempt to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of the unlawful activity, in violation of Section 1952(a)(3), Title 18, United States Code.

## **NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the

offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code, Section 981(a)(1)(c), Title 18, United States Code and Section 2461, Title 28, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 5th day of November, 2014.

UNITED STATES MAGISTRATE JUDGE