IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                    **Criminal No. 1:14cr77-HSO-RHW-2**
                                                         **Civil No. 1:16-cv-376-HSO**

**LARRY ANDERSON**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

**BEFORE THE COURT** is Defendant Larry Anderson's Motion [262] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. After due consideration of the Motion, related pleadings, the record, and relevant legal authority, the Court is of the opinion that Anderson is not entitled to relief and that his § 2255 Motion should be denied in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") without the requirement of an answer by the United States Attorney and without an evidentiary hearing.

### I. FACTS AND PROCEDURAL HISTORY

On November 5, 2014, a Grand Jury returned an eight-count Indictment [3] against Anderson and eight co-Defendants. On April 28, 2011, Anderson pleaded guilty to Count 2 of the Indictment [3] which charged

> [t]hat on or about October 2, 2013, in George County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **KERMIT BLACKSTON and LARRY ANDERSON**, aided

>   and abetted by others known and unknown to the grand jury, did knowingly and intentionally possess with intent to distribute a detectable amount of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

Indictment [3] at 3.

On August 5, 2015, the Court sentenced Anderson to an 240-month term of imprisonment as to Count 2.  Aug. 5, 2015, Minute Entry.  The Court also sentenced Anderson to a three-year term of supervised release, a $7,500.00 fine, and a $100.00 special assessment.  *Id.*  The Judgment was entered on August 10, 2015.  J. [203] at 1-6.  Anderson did not appeal.

On September 29, 2016, Anderson placed the present Motion to Vacate pursuant to 28 U.S.C. § 2255 in the prison mailing system, Mot. [262] at 13, and the Motion was filed into the record of this case on October 17, 2016.  Anderson contends that his "sentence was enhanced under the residual clause in U.S.S.G. § 4B1.2, which is unconstitutionally vague."  *Id.* at 4.  Anderson relies upon the United States Supreme Court's decisions in *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), to argue that his Motion is timely.  *Id.* at 12.  Anderson asks the Court to vacate his conviction and sentence, and to re-sentence him "without the unconstitutional enhancement under Guideline 4B1.2's residual clause."  *Id.* at 13.

## II.  DISCUSSION

Rule 4(b) of the Section 2255 Rules provides that

>   [if] it plainly appears from the motion, any attached exhibits, and the

>record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Section 2255 Rule 4(b).

Even construing all of Anderson's allegations in his favor, he cannot demonstrate that he is entitled to relief. *See id.* At sentencing, the Court adopted the Presentence Investigation Report ("PSR"), which determined that Anderson was at least eighteen years old at the time he committed the instant offense of possession with intent to distribute a controlled substance, and Anderson had two prior felony convictions for controlled substance offenses which are counted separately under United States Sentencing Guideline § 4A1.1(a). PSR [194] at 37 (citing U.S.S.G. §§ 4B1.1(a); 4B1.2(c)). Anderson was not sentenced under the Armed Career Criminal Act, nor was he sentenced under the residual clause of § 4B1.2. Anderson therefore has no arguable claim for relief under *Johnson*, even assuming for the sake of argument that *Johnson*'s analysis applies to career offender determinations under the sentencing guidelines. *See United Staets v. Jeffries*, 822 F.3d 192, 194 (5th Cir. 2016). For these reasons, Anderson's Motion is also time-barred and should be denied on this ground as well.

### III.  CONCLUSION

It is clear from the Motion, related pleadings, and the record that Anderson is entitled to no relief, and the Court finds that Anderson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, should be denied pursuant to Rule 4(b) of the Section 2255 Rules without an

Answer by the United States Attorney and without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [262] of Defendant Larry Anderson to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 31st day of October, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE